UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, as Next Friend of JAMES DOE, on behalf of himself and 77 other similarly situated individual minors, )<br><br>          Plaintiff,<br><br>vs.<br><br>FORT ZUMWALT R-II SCHOOL DISTRICT,<br>          Serve:  Superintendent,<br>                    Dr. Bernard DuBray<br>                    110 Virgil Street<br>                    O'Fallon, MO  63366<br><br>and<br><br>MATTHEW M. HANSEN, Individually and in his<br>Official Capacity as a Former Teacher of the<br>Fort Zumwalt R-II School District,<br>          Serve:  Matthew M. Hansen, Inmate #40097-044<br>                    Federal Bureau of Prisons<br>                    FCI Texarkana<br>                    4001 Leopard Drive<br>                    Texarkana, TX  75501<br><br>          Defendants. | Case No.:  4:16-CV-00546<br><br>**PLAINTIFF DEMANDS<br>TRIAL BY JURY** |

## COMPLAINT – CLASS ACTION

JURISDICTION AND VENUE

1.      Count I of this action arises under the "Child Abuse Victims Rights Act of 1986",

18 U.S.C. § 2255.   Counts II and III of this action are violations of the "Right of Privacy" arising

under the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the Constitution of the

United States and 42 U.S.C. §§ 1983 and 1988.   The Court has jurisdiction over Counts I, II and

III, pursuant to 42 U.S.C. § 1331.   Counts IV and V are common law claims of the State of

Missouri over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.     Venue is proper before this Court as the unlawful acts committed occurred in Lincoln County, State of Missouri.  (28 U.S.C. Section 1391).

PARTIES

3.     Plaintiff John Doe is the biological father of Plaintiff James Doe, born in 1998, and is a citizen of the United States, and is a resident of St. Charles County, Missouri.  Plaintiff James Doe is one of 78 minors whom law enforcement agencies have specifically identified as a victim of Defendant Hansen's unlawful nude videotaping as more fully described herein.

4.     Defendant Fort Zumwalt R-II School District is a multi-geographic educational institution for grades K-12, located in St. Charles County, State of Missouri.

5.     Defendant Matthew M. Hansen was at all times relevant herein a seventh (7th) grade elementary teacher for Defendant Fort Zumwalt R-II School District.  At all times relevant herein Defendant Matthew M. Hansen acted within the scope and course of his employment and under color of law.  He is sued both individually and in his official capacity.

CLASS MEMBERS AND CLASS QUALIFICATIONS FOR CERTIFICATION

6.     The class members are seventy-seven (77) current and former students – still minors, who were unknowingly videotaped by Defendant Hansen between calendar years 2007 and 2011.

7.     There are identical questions of law and fact common to the class which predominate any questions affecting an individual class member.  The predominant common questions/issues are:

     a.     Legally, whether Defendant Hansen unlawfully videotaped each of the class members;

     b.     Factually, whether the damages are identical for each of the class members and Plaintiff.

8.      Here, the legal question is identical.  Plaintiff and the class members were each identically and unknowingly videotaped by Defendant Hansen.  Plaintiff and each of the class members were identified as victims by law enforcement officers of the Lincoln County and St. Charles County Sheriff's Departments, as well as the Federal Bureau of Investigation.  A criminal conviction of any defendant is not a prerequisite for civil liability to attach, a plaintiff need only prove by a preponderance of evidence that defendant committed the act.  *Smith v. Husband*, 376 F.Supp 2d 603 (E.D.Va 2005).  Law enforcement agencies have already satisfied this determination.

9.      Further, the damages question is identical for Plaintiff and the class members.  18 U.S.C. § 2255(a) provides for a civil statutory minimum award of $150,000.00 in actual damages as to each plaintiff.  Proof of actual damages is unnecessary to recover the minimum statutory amount for each plaintiff.  *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012).  In this case, for seventy-eight (78) plaintiffs, the class claim is therefore an amount of $11,700,000.00, exclusive of statutory fees and costs.

10.      Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling claims involving federal litigation of sexual misconduct – school districts specifically, and is well aware of the claims and defenses that apply.  Neither Plaintiff nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

11.      A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

12.     Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, the legal issues and the damages are straightforward.

13.     Class action treatment pursuant to FRCP 23(b)(3) is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

14.     Defendants' conduct is uniformly applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

STATEMENT OF FACTS

15.     Between calendar years 2007 and 2011, Defendant Fort Zumwalt R-II School District (hereinafter "School District") organized, facilitated and supervised a fifth grade school camp program at the Cuivre River State Park, located in Lincoln County, Missouri.  The camp was provided for fifth (5th) grade elementary students of which the School District had three (3) such schools.  They were Dardenne Elementary, Progress South Elementary, and Lewis & Clark Elementary.

16.     Defendant Matthew M. Hansen was employed as a seventh (7th) grade elementary teacher of the Defendant School District between August 2007 and May 2012.  For the fifth grade camp, Defendant Matthew M. Hansen was employed as a camp counselor with unfettered

discretion, supervision and control of the barracks of which he was assigned, and where the students would shower and sleep.

17.    In the Fall semester of 2010, Plaintiff James Doe attended the summer camp and was assigned to the barracks where Defendant Matthew M. Hansen was in charge.

18.    For the five (5) year period between 2007 and 2011, Defendant Matthew M. Hansen repeatedly and intentionally videotaped the boys leaving their showers where Defendant Matthew M. Hansen had hidden a video camera specifically focused on the genitalia of the boys. Defendant Matthew M. Hansen had the video camera hidden in his bedroom of the barracks, and he had instructed all the boys to dress in his room after showering. [1]

19.    During the five (5) year period, Defendant Matthew M. Hansen videotaped, stored and maintained this child pornography as to seventy-eight (78) distinct boys. Plaintiff James Doe was one (1) of those boys.

20.    After the 2011-2012 school year, Defendant Matthew M. Hansen left the State of Missouri on May 29, 2012. He was attempting to travel to Lake Winnipeg, Canada at the North Dakota state border. On or about June 3, 2012, he reached the border and was stopped by Canadian customs officers. The officers searched his electronic equipment and thumbnail drives which contained the videotaped pornography from the Defendant School District's fifth grade camp.

---

[1] Statute of Limitations and Tolling. The average age of a fifth grader is ten (10) to eleven (11) years old. The first victims from the summer of 2007 are just now coming to the age of majority. As to Count I, 18 USC § 2255(b), it contains a specific tolling provision for minors allowing three (3) years after obtaining majority to bring suit. As to Counts II through V, the Revised Statutes of Missouri § 516.030 permits tolling of those claims until the age of majority, and the 8th Circuit applies the tolling statute of Missouri for those claims. *Chandler v. Callaway County*, 838 F.2d 977, 979 (8th Cir. 1988).

21.     The officers seized the child pornography, refused entry into Canada, and then escorted him to U.S. officials with Homeland Security and Immigration and Customs Enforcement ("ICE").   ICE officials seized all the equipment and attempted to question Defendant Matthew M. Hansen.   He invoked his *Miranda* rights and requested an attorney. Defendant Matthew M. Hansen was then released from custody.

22.     Defendant Matthew M. Hansen then drove to Keokuk, Iowa.  There, he climbed a cellular telephone tower, called 911, and threatened to commit suicide.  An Iowa state police officer arrived and was able to coax Defendant Matthew M. Hansen down from the tower. Thereafter, ICE officials contacted Lincoln County, Missouri sheriffs to inform them of the evidence in their possession, and the location of Defendant Matthew M. Hansen.  Defendant Matthew M. Hansen was then transferred to Missouri.

23.     On January 24, 2013, a federal grand jury in the United States District Court for the Eastern District of Missouri returned an Indictment against Defendant Matthew M. Hansen for eight (8) counts of violations of 18 U.S.C. §§ 2251(a) and 2251(e), with each count containing multiple victims from the Cuivre River camp.   It was assigned Case Number 4:13CR00026 JCH.

24.     On July 9, 2013, Defendant Matthew M. Hansen entered pleas of guilty to all eight (8) counts of the Indictment.  On October 4, 2013, Defendant Matthew M. Hansen was sentenced to a term of incarceration for 240 months (20 years) based upon his guilty pleas.

25.     After Defendant Matthew M. Hansen had been indicted in January 2013, media attention brought to light who the victims would have been at the summer camp.  Plaintiff James Doe was in middle school at this point, and numerous students speculated he was a victim.  The fellow students ridiculed and referred to him as "porn star" openly in front of teachers at the

middle school. The teachers simply told Plaintiff James Doe to ignore them, doing nothing to prohibit the harassment.

## COUNT I
### Violation of Child Abuse Victims Rights Act of 1986, 18 U.S.C. § 2255
### (Against Defendant Hansen Only)

26.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 – 25, as though fully set forth herein.

27.     Between calendar years 2007 and 2011, Defendant Hansen did intentionally videotape Plaintiff, and seventy-seven (77) other minor males, while naked, in his private room at the Cuivre River State Park.

28.     Defendant Hansen did so in violation of 18 U.S.C. §§ 2251(a) and 2251(e), and he has admitted to those acts occurring beyond a reasonable doubt.

29.     Plaintiff is a child abuse victim as defined by 18 U.S.C. § 2255(a).

30.     As a direct and proximate result of the Defendant's conduct, Plaintiff suffered extreme embarrassment, personal humiliation, outrage, mental and emotional distress, and is entitled to no less than the statutory mandated amount of such damages of $150,000.00.

31.     The actions of the Defendant were intentional, malicious and with deliberate indifference to, and reckless disregard for, the rights of Plaintiff, entitling Plaintiff to punitive damages against Defendant Hansen.

32.     Plaintiff is further entitled to recover reasonable attorney's fees and costs pursuant to 18 U.S.C. § 2255(a).

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendant Hansen for compensatory damages exceeding $150,000.00, punitive damages, costs of this action,

attorney's fees pursuant to 18 U.S.C. § 2255(a), and such other and further relief as the Court deems just and proper.

## COUNT II
### Violation of 42 U.S.C. § 1983
### (Against Defendant Matthew M. Hansen Only)

33.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 – 32, as though fully set forth herein.

34.     At all times, Plaintiff was protected by a fundamental, constitutional right of privacy found in the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution. *Roe v. Wade*, 410 U.S. 113 (1973).

35.     Defendant Matthew M. Hansen, in his capacity as a teacher and under color of law, did intentionally violate Plaintiff's constitutional right of privacy by videotaping Plaintiff naked after showering at summer camp.

36.     As a direct and proximate result of Defendant Matthew M. Hansen's acts, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and outrage.

37.     As a direct and proximate result of Defendant Matthew M. Hansen's conduct, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

38.     The conduct of Defendant Matthew M. Hansen was committed with deliberate indifference to or reckless disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

39.     Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff against Defendant Matthew M. Hansen for compensatory damages, punitive damages, costs of this action and attorney fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## COUNT III
### Violation of 42 U.S.C. § 1983
### (Against Defendant Fort Zumwalt R-II School District Only)

40.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 – 39, as though fully set forth herein.

41.     This is a *Monell* claim.

42.     Defendant School District maintained a custom, policy and practice which delegated all supervision, instruction and control to Defendant Matthew M. Hansen for the minor children placed in care, custody and control while attending the Defendant School District's Cuivre River camp.

43.     At all times relevant herein, Defendant Matthew M. Hansen was employed as a fifth grade camp counselor for the Defendant School District, and was acting under the direct control of the Defendant School District pursuant to its custom, policy and practice.

44.     The policymakers of the Defendant School District allowed this custom, policy and practice to exist knowingly, recklessly or with deliberate indifference to the rights of Plaintiff.  Further, Defendant School District had the power to prevent the acts of Defendant Matthew M. Hansen, but knowingly or with deliberate indifference to the rights of Plaintiff relinquished all supervision, inspection and control of the minor children to Defendant Matthew M. Hansen.

45.     As a direct and proximate result of the Defendant School District's custom, policy and practice, Defendant Matthew M. Hansen violated Plaintiff's fundamental, constitutional right

of privacy found in the First, Fourth, Fifth, Ninth and Fourteenth Amendments of the United States Constitution. *Roe v. Wade*, 410 U.S. 113 (1973).

46.     As a direct and proximate result of Defendant School District's acts, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and outrage.

47.     As a direct and proximate result of Defendant School District's conduct, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

48.     Plaintiff is entitled to recover reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff against Defendant School District for compensatory damages, costs of this action and attorney fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**COUNT IV**
**Invasion of Privacy – Missouri Common Law**
**(Against Defendant Matthew M. Hansen Only)**

49.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 – 48, as though fully set forth herein.

50.     Defendant Matthew M. Hansen did knowingly, intentionally and with deliberate disregard for the rights of Plaintiff, videotape him naked after showering at summer camp.

51.     The conduct of Defendant Matthew M. Hansen was an intentional intrusion which was highly offensive to Plaintiff, and would be highly offensive to a reasonable person.

52.     As a direct and proximate result of Defendant Matthew M. Hansen's conduct, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

53.     The conduct of Defendant Matthew M. Hansen was committed with deliberate indifference to or reckless disregard for the rights of Plaintiff, entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff against Defendant Matthew M. Hansen for compensatory damages, punitive damages and costs of this action.

## COUNT V
### Negligence Supervision of Plaintiff – Missouri Common Law
### (Against Defendant Fort Zumwalt R-II School District)

54.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 – 53, as though fully set forth herein.

55.     The State of Missouri imposes a duty upon those given custody, control and supervision of a minor to specifically protect the child from harms, whether foreseeable or unforeseeable. *O.L. v. R.L.*, 62 S.W.3d 469 (Mo.WD 2001). Defendant School District knew or should have known that a breach of its duty would cause severe damages to Plaintiff.

56.     Defendant School District, its agents and employees, breached their duty to Plaintiff by failing to supervise him.

57.     As a direct and proximate result of the breach of duty, Defendant Matthew M. Hansen was allowed to videotape Plaintiff naked after showering at summer camp.

58.     As a direct and proximate result of Defendants' acts, Plaintiff has suffered severe mental and emotional distress, embarrassment, humiliation and outrage.

59.     As a direct and proximate result of Defendants' conduct, Plaintiff has incurred the costs of this action to redress the wrongs inflicted upon him.

60.    Defendant School District had purchased insurance coverage for the claims of Plaintiff brought herein, and has therefore waived sovereign immunity pursuant to RSMo. § 537.610.1.

WHEREFORE, Plaintiff, respectfully requests this Court enter Judgment in favor of Plaintiff against Defendants for compensatory damages and costs of this action.

Respectfully submitted,

THE BAGSBY LAW FIRM                    SHEA, KOHL, ALESSI & KUHL, LC


/s/    Larry A. Bagsby                       /s/    Deborah Alessi
Larry A. Bagsby, #37296                   Deborah J. Alessi, #39400MO
125 North Main Street, Suite 204          400 North Fifth Street, Suite 200
St. Charles, MO  63301                    St. Charles, MO  63301
(636) 244-5595 telephone                  (636) 946-9999 telephone
(636) 244-5596 facsimile                  (636) 946-8623 facsimile
larrybagsby@aol.com                       dalessi@skaklaw.com
*Counsel for Plaintiff*                   *Co-Counsel for Plaintiff*