UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, as Next Friend of JAMES DOE, on behalf of himself and 77 other similarly situated individual minors,<br><br>Plaintiff,<br><br>vs.<br><br>FORT ZUMWALT R-II SCHOOL DISTRICT,<br>and<br><br>MATTHEW M. HANSEN, Individually and in his Official Capacity as a Former Teacher of the Fort Zumwalt R-II School District,<br><br>Defendants. | Case No.:  4:16-CV-00546 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION**

**I.   INTRODUCTION**

Plaintiffs to this action are minor children who were videotaped while nude.  Defendant Fort Zumwalt R-II School District was the employer of Matthew Hansen.  The School District operated a summer camp located at Cuivre River State Park in Lincoln County, Missouri.  Defendant Hansen made his video recordings while the students were at the summer camp. (Exhibit 1, Affidavit of Larry A. Bagsby, par. 7-10).

In June of 2012, the St. Charles County Sheriff's Department identified seventy-eight (78) total victims, both the minors and their parents.  (Exhibit 1, Affidavit of Larry A. Bagsby, par. 7-10).

This case seeks compensatory damages on behalf of the minors on legal claims, federal and state, for violations of the United States Constitution, the Child Abuse Victims Rights Act of 1986, 28 U.S.C. § 2255, as well as Missouri common law claims.

## II.     RULE 23 REQUIREMENTS

### A.     Overview

As this court has held, "[a] class action serves to conserve the resources of the court and the parties by permitting an issue that may affect every class member to be litigated in an economical fashion." *Karsjens v. Jesson*, 283 F.R.D. 514, 517 (D. Minn. 2012), citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982). "When a question arises as to whether certification is appropriate, the court should give the benefit of the doubt to approving the class." *Karsjens, supra*. At 517.

To prevail on the current motion for class certification, Plaintiffs must satisfy the four requirements of Rule 23(a) and at least one subsection of Rule 23(b). As discussed below, as all of these Rule 23 prerequisites are clearly met in this case, Plaintiff's motion for class certification should be granted.

### B.     Each of the Four Requirements of Rule 23(a) are Met

Rule 23(a) provides that an action may proceed as a class action when Plaintiffs demonstrate that:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Each of these Rule 23(a) requirements is satisfied in this case.

### *(1) numerosity is satisfied*

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable. "In general, a putative class exceeding 40 members is sufficiently large to make joinder impracticable." *Alberts v. Nash Finch Company*, 245 F.R.D.399, 409 (D. Minn.

2

2007)(certifying class of 74 persons); *Lockwood Motors, Inc. v. General Motors Corp.,* 162 F.R.D. 569, 574 (D. Minn. 1995); *Newberg on Class Actions* at § 3.5 (4th Ed. 2002) ("the difficulty inherent in joining as few as 40 class members should raise a presumption that joinder is impractical, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone.")

Here, the class is seventy-eight (78) minors who, at various stages, will be achieving the age of majority. Apart from the size of this class as qualifying number under Rule 23(a)(1), the certification would ensure that the claims of each minor are preserved.

### *(2) commonality is satisfied*

The Rule 23(a)(2) commonality element requires that there be "common contentions" of fact or law that are capable of "classwide resolution." *Karsjens, supra.* 283 F.R.D. at 518 (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550-51). The evidence in this case is identical on the issue of liability as each minor has the identical proof as to liability. As to liability under 18 U.S.C. § 2255(a), a criminal conviction is not a necessary pre-requisite for civil liability to attach, a plaintiff only need prove by a preponderance of the evidence that defendant committed the act. *Smith v. Husband,* 376 F.Supp. 2d 603 (E.D.Va 2005). The St. Charles County Sheriff's Department have already proven this issue as to each of the seventy-eight (78) minors. Proof of actual damages is unnecessary to recover the statutory minimum amount of $150,000.00. *Doe v. Boland*, 698 F.3d 877 (6th Cir. 2012). This is clearly a case where "common contentions" have been determined on a class-wide basis.

### *(3) typicality is satisfied*

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." As the Eighth Circuit has held, the typicality

requirement "is generally considered to be satisfied if the claims or defenses of the representatives and members of the class stem from a single event or are based on the same legal or remedial theory." *Paxton v. Union National Bank*, 688 F.2d 552, 561-62 (8th Cir. 1982). The claims in this case are based upon the same core questions of law and fact common to each of the seventy-eight (78) minor children. Both liability, *Smith, Id.,* and damages *Doe*, *Id.,* are typical of the entire class.

### *(4) adequacy of representation is satisfied*

Rule 23(a)(4) mandates that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The adequacy requirement is satisfied where the named representative: (1) has retained competent counsel; (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has interests that are sufficiently similar to those of the class such that it is unlikely that their goals and interests will diverge. *Karsjens, supra.*, 283 F.R.D. at 519.

On the first prong, Plaintiffs have retained experienced counsel who each have been practicing for twenty-seven (27) years. (Exhibit 1, Affidavit of Larry A. Bagsby; Exhibit 2, Affidavit of Deborah Alessi). Each is thoroughly familiar with this type of litigation and has been pursuing such claims since calendar year 2002. On the second prong, counsel for the plaintiffs have been diligently pursuing such claims for over a decade, and the named Plaintiff has every interest of his minor son's best interests being pursued.

Finally, on the third prong, Plaintiff's interests in achieving monetary damages on behalf of his minor son are identical to those of each of the class members and it is wholly unlikely that their goals or interests would diverge.

### C.        The Requirements of Each Provision of Rule 23(b) are Met

Rule 23 requires that Plaintiffs seeking class certification satisfy at least one of the three (3) provisions – (b)(1), (b)(2) or (b)(3) – of Rule 23(b).  Here, Plaintiffs are entitled to certification under any and all of these three (3) Rule 23(b) provisions.

#### *(1) certification is warranted under Rule 23(b)(1)*

A class action may be maintained under Rule 23(b)(1) if "[t]he prosecution of separate actions by or against individual members of the class would create inconsistent or varying adjudications…which would establish incompatible standards of conduct for the party opposing the class." Fed.R.Civ.P. 23(b)(1).  This prong especially favors certification in that seventy-eight (78) individual suits would cause unnecessary potential for incompatible standards being applied against the Defendants.  A single legal determination of liabilities is by far favored over independent litigations.

#### *(2) certification is warranted under Rule 23(b)(2)*

Certification under Rule 23(b)(2) is appropriate where, "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunction relief or corresponding declaratory relief is appropriate respecting the class as a whole; **or**

#### *(3) certification is warranted under Rule 23(b)(3)*

the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  The Court should consider as pertinent, "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) that desirability or undesirability of concentrating the

litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action."

Here, the disposition of all claims in one (1) action, before one (1) court, clearly outweighs separate litigations which could be brought in a multitude of courts.  The liability issues are not going to change as the facts are identical for each of the individual Plaintiffs, and applying those facts to the various legal claims would be the same in each action.  As to damages, if this Court should find the Defendant School District liable under 18 U.S.C. § 2255(a), a statutory minimum amount of $150,000.00 is applicable to each plaintiff.  This is precisely what the Eighth Circuit has just recently reaffirmed to be the standard:  "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Ebert, et al. v. General Mills, Inc.*, 8th Cir., Appeal No. 15-1735, decided May 20, 2016, citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011).  Class certification therefore is the appropriate means to resolve all seventy-eight (78) claims.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter an Order certifying this case as a class action.

Respectfully submitted,

| THE BAGSBY LAW FIRM | SHEA, KOHL, ALESSI & KUHL, LC |
|---|---|
| /s/   Larry A. Bagsby | /s/   Deborah Alessi |
| Larry A. Bagsby, #37296 | Deborah J. Alessi, #39400MO |
| 125 North Main Street, Suite 204 | 400 North Fifth Street, Suite 200 |
| St. Charles, MO  63301 | St. Charles, MO  63301 |
| (636) 244-5595 telephone | (636) 946-9999 telephone |
| (636) 244-5596 facsimile | (636) 946-8623 facsimile |
| larrybagsby@aol.com | dalessi@skaklaw.com |
| *Counsel for Plaintiff* | *Co-Counsel for Plaintiff* |

6

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was electronically filed and served this 5th day of August, 2016, to:

Celynda L. Brasher
Michael J. Curry
Tueth, Keeney, Cooper,
Mohan & Jackstadt, PC
34 N. Meramec, Suite 600
St. Louis, MO  63105
cbrasher@tuethkeeney.com
*Attorneys for Defendant Fort Zumwalt R-II School District*

and mailed to:

Matthew M. Hansen, Inmate #40097-044
Federal Bureau of Prisons
FCI Texarkana
4001 Leopard Drive
Texarkana, TX  75501

/s/     Larry A. Bagsby

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, as Next Friend of JAMES DOE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.:  4:16-CV-00546 JAR |
| ) | |
| FORT ZUMWALT R-II SCHOOL DISTRICT, ) | |
| ) | |
| and ) | |
| ) | |
| MATTHEW M. HANSEN, Individually and in ) | |
| Official Capacity as a Former Teacher of the ) | |
| Fort Zumwalt R-II School District, ) | |
| ) | |
| Defendants. ) | |

**AFFIDAVIT OF ATTORNEY LARRY A. BAGSBY**

I, Larry A. Bagsby, having personal knowledge of the following facts, hereby swear as follows:

**Qualifications of Counsel**

1. My name is Larry A. Bagsby. I am co-counsel for Plaintiffs.

2. I am submitting this Affidavit in connection with Plaintiffs' Motion for Class Certification.

3. I have been licensed to practice law in the states of Missouri and Illinois since 1989, and have been admitted to the U.S. District Court, Eastern District of Missouri since calendar year 1992.

4. I am presently the principal of my own firm. I began my career as a public defender in East St. Louis and Belleville, Illinois, and was thereafter hired as a special/conflicts public defender for the State of Missouri in 1991. In those years, I tried well over fifty (50)

felony cases before juries. I have been both appointed to, and requested to assist in, death penalty cases. Since 1992, I have primary moved to civil litigation and in this Court alone, filed nearly one hundred fifty (150) cases. I have successfully litigated cases in this Court, successfully defended them in the Eighth Circuit Court of Appeals, and twice pursued writs of certiorari in the United States Supreme Court.

5. In calendar year 2002, myself and Ms. Alessi represented sex abuse victims in this Court against the Wentzville R-IV School District, in Case No. 4:02-CV-00520 HEA. The number of victims in that case would grow to over a dozen, and we successfully reached settlements on behalf of our clients. Ms. Alessi and I have consistently co-counseled on similar cases against school districts since calendar year 2002.

6. I am very familiar with the procedures, process and rules of this Court.

### Evidence Supporting Class Certification

7. I have received and reviewed a certified copy of St. Charles County Sheriff's Department Investigative Report #12-2735, which involves the nude videotaping of Fort Zumwalt fifth grade students while they attended the Fort Zumwalt summer camp located at Cuivre River State Park between calendar years 2007 and 2011.

8. The investigative report conducted by the Sheriff's Department reveals there were seventy-eight (78) minor students who were videotaped by Matthew Hansen.

9. The investigative report confirms the identity of each minor child as well as the parents of each child.

10. The investigative report states that investigative officers had seized the computer of Matthew Hansen which contained the videotapes and each minor was compared to school yearbooks. The officers then contacted each parent to confirm the identity of each child.

2

11. Matthew Hansen was indicted in the U.S. District Court by a federal grand jury on January 24, 2013, regarding eight (8) of the victims. He was charged with violations of 18 U.S.C. §§ 2251(a) and 2251(e). The case number was 4:13-CR00026 JCH.

12. On July 9, 2013, Mr. Hansen pled guilty to each of the eight (8) counts. On October 4, 2013, he was sentenced to a term of incarceration for twenty (20) years.

FURTHER AFFIANT SAYETH NOT

_____
LARRY A. BAGSBY

STATE OF MISSOURI      )
                       ) SS
COUNTY OF ST. CHARLES  )

ON THIS 5th day of August, 2016, before me appeared Larry A. Bagsby, to me personally known, who being by me sworn, did say that he signed the foregoing instrument as his free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforementioned, the day and year first above written.

My Commission expires: Aug 14, 2017    _____
                                        Notary Public

SHERRY BUDD
Notary Public - Notary Seal
State of Missouri, St Charles County
Commission # 13530785
My Commission Expires Aug 14, 2017

3

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, as Next Friend of JAMES DOE ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FORT ZUMWALT R-II SCHOOL DISTRICT, ) <br> ) <br> and ) <br> ) <br> MATTHEW M. HANSEN, Individually and in ) <br> Official Capacity as a Former Teacher of the ) <br> Fort Zumwalt R-II School District, ) <br> ) <br> Defendants. ) | Case No.: 4:16-CV-00546 JAR |

## AFFIDAVIT OF ATTORNEY DEBORAH J. ALESSI

I, Deborah J. Alessi, having personal knowledge of the following facts, hereby swear as follows:

1. My name is Deborah J. Alessi. I am co-counsel for Plaintiffs.

2. I am submitting this Affidavit in connection with Plaintiffs' Motion for Class Certification.

3. I have been licensed to practice law in the State of Missouri since calendar year 1989, and have been admitted to the U.S. District Court, Eastern District of Missouri since calendar year 2000.

4. I am presently a member/attorney in the law firm of Shea, Kohl, Alessi and Kuhl, L.C., located in St. Charles County, Missouri. Between 1989 and 1992, I was an assistant prosecuting attorney for St. Charles County, Missouri, emphasizing in sex abuse prosecutions. In 1992, I was named the St. Charles County Prosecutor of the Year. Between 1992 and 1996, I

was an associate with the law firm of Shea and Kohl, LC, practicing both civil and criminal law. In 1995, I received the Lon Hocker Trial Practice Award. I have been a partner in my current firm since 1996. I have been the prosecuting attorney for the City of St. Charles since 1998. In calendar year 2011, I received the "Beyond the Best" award.

5. In calendar year 2002, myself and Mr. Bagsby represented sex abuse victims in this Court against the Wentzville R-IV School District, in Case No. 4:02-CV-00520 HEA. The number of victims in that case would grow to over a dozen, and we successfully reached settlements on behalf of our clients. Mr. Bagsby and I have consistently co-counseled on similar cases against school districts since calendar year 2002.

6. Since calendar year 2000, I have filed over thirty (30) cases in this Court. I am very familiar with the procedure, process and rules of this Court.

FURTHER AFFIANT SAYETH NOT

_____
DEBORAH J. ALESSI

STATE OF MISSOURI      )
                       ) SS
COUNTY OF ST. CHARLES  )

ON THIS 3rd day of August, 2016, before me appeared Deborah J. Alessi, to me personally known, who being by me sworn, did say that she signed the foregoing instrument as her free act and deed.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal in the County and State aforementioned, the day and year first above written.

My Commission expires:

_____
Notary Public

NICOLE H. COSPER
Notary Public - Notary Seal
State of Missouri, St Charles County
Commission # 11385181
My Commission Expires Feb 29, 2020

2