UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, as Next Friend of JAMES DOE, on behalf of himself and 77 other similarly situated individual minors, <br><br> Plaintiffs, <br><br> v. <br><br> MATTHEW M. HANSEN, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 4:16-CV-546 JAR |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment for Statutory Damages for all Class Members under Count I of the Second Amended Complaint (Doc. No. 69). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

On April 22, 2016, Plaintiff filed this action against the Fort Zumwalt R-II School District (the "District") and Matthew M. Hansen ("Hansen"), a former District teacher and camp counselor, in his individual and official capacities, on behalf of a putative class of current and former students who were unknowingly videotaped in the nude by Hansen while attending a summer camp sponsored and supervised by the District between 2007 and 2011. Plaintiff asserted claims under the Child Abuse Victims Rights Act of 1986, 18 U.S.C. § 2255 ("CAVRA")[1] and 42 U.S.C. § 1983, as well as state law claims for invasion of privacy and

---

[1] Under CAVRA, "[a]ny person who, while a minor, was a victim of a violation of [various sections of Title 18 prohibiting, inter alia, child molestation, exploitation and pornography] may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the

negligent supervision (Doc. No. 1). The District filed its Answer on May 17, 2016. As to Count I, alleging violations of CAVRA and directed against Hansen only, the District denied each allegation "in the event that Plaintiff may seek to attribute such allegations … to District Defendant under a theory of *respondeat superior* or any other theory of law." (Doc. No. 9 at ¶¶ 26-32).

On May 31, 2016, this Court entered an Order and Judgment of Default against Hansen as to liability only (Doc. No. 17).

On August 5, 2016, Plaintiff filed his First Amended Complaint, again asserting claims against the District and Hansen in his individual and official capacities (Doc. No. 26). On August 19, 2016, the District filed its Answer to the First Amended Complaint, denying each allegation of Count I, directed against Hansen only, "in the event that Plaintiff may seek to attribute such allegations … to District Defendant under a theory of *respondeat superior* or any other theory of law." (Doc. No. 32 at ¶¶ 26-32).

On October 14, 2016, Plaintiff filed a Second Amended Complaint, which is the operative complaint, naming Hansen in his individual and official capacities, as well as seven current and former employees of the District ("District Defendants") and a number of unknown John and Jane Doe Defendants employed as principals in charge of supervision at the camp, in their official capacities only. Notably, the District was not named as a defendant. (Doc. No. 46). The District Defendants filed their answer to the Second Amended Complaint on October 28, 2016, denying each allegation of Count I, directed against Hansen only, "in the event that

---

cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value." 18 U.S.C. § 2255. Section 2255 applies to violations of 18 U.S.C. § 2251, the offense of conviction in Hansen's case, which makes it unlawful to produce and possess child pornography.

Plaintiff may seek to attribute such allegations … to District Defendants under a theory of *respondeat superior* or any other theory of law." (Doc. No. 56 at ¶¶ 46-52).

On November 15, 2016, on Plaintiff's unopposed motion, this Court certified the class as to Counts I and II of the Second Amended Complaint for the purpose of determining liability only (Doc. No. 67). That same day, Plaintiffs dismissed with prejudice their claims against Hansen in his individual capacity only in Counts I and II (Doc. No. 68). Plaintiffs then filed the instant motion to enforce against the District the default judgment entered against Hansen under Count I for statutory damages of $150,000.00 for each plaintiff under CAVRA, 18 U.S.C. § 2255(a), for a class judgment of $11,700,000.00, exclusive of costs and attorney's fees.

**Arguments of the parties**

Plaintiffs argue the default judgment against Hansen was entered against him in both his individual and official capacities and is therefore enforceable against the District because a judgment against an official capacity defendant is the equivalent of a judgment against the governmental entity employing him. (Doc. No. 70 at 5-7). Plaintiffs note that no responsive pleadings have been filed on behalf of Hansen, and the District has never filed an entry of appearance on behalf of Hansen. In support of their motion, Plaintiffs rely on Banks v. Slay, 196 F. Supp.3d 1021 (E.D. Mo. 2016).

In Banks, Reginald Williams, a former St. Louis City police officer, was convicted and sentenced in federal court for unlawfully arresting Michael Banks. Banks then filed a § 1983 action in St. Louis City Circuit Court against officer Williams in his individual and official capacity, and the St. Louis Board of Police Commissioners in their official capacity. No responsive pleading was filed on behalf of Williams in either his individual or official capacity. The Missouri Attorney General filed an answer to Banks' petition on behalf of the Police Board

3

and then moved for summary judgment. Rather than responding to the motion for summary judgment, Banks voluntarily dismissed the Police Board, without prejudice, leaving defaulted Williams as a defendant. Banks subsequently amended his petition to name only officer Williams as defendant in his personal and official capacity and summons were served on individual Board Defendants. Again, no responsive pleading was filed on behalf of Williams in either his individual or official capacity. A default hearing was set in the St. Louis City Circuit Court. Banks' counsel emailed a copy of the order setting the matter for hearing to the Assistant Attorney General assigned to the case. No attorney entered an appearance at the default hearing for either Williams or the Police Board Defendants, notwithstanding the presence at the hearing of a separate Assistant Attorney General who remained silent and took no action on behalf of the Police Board Defendants. Default judgment was entered against Williams in his individual and official capacity in the amount of $1.5 million. Banks sought to enforce the default judgment against the Police Board through a writ of mandamus filed in federal district court. Id. at 1024-25. The court in Banks enforced the default judgment because "a judgment against an official in his official capacity imposes liability on the entity" employing the official. Id. at 1031 (citing Brandon v. Holt, 469 U.S. 464 (1985)).

The District[2] opposes Plaintiffs' motion on the grounds that it is not, and never has been, in default with respect to Count I – or any other count of the complaints. (Doc. No. 80 at 5-11). The District argues that unlike in Banks, where the Police Board failed to respond to the official capacity claims asserted against Williams, here, the District and District Defendants have

---

[2] Although the District is no longer a named party in this matter, the remaining claims asserted in Plaintiffs' Second Amended Complaint are directed against the individual District Defendants in their official capacities only. As such, the claims asserted against the District Defendants are the equivalent of claims against the District. Hafer, 502 U.S. at 25. Thus, the District contends it is the proper entity to oppose Plaintiffs' motion. The Court agrees.

4

responded to the official capacity claims against Hansen in each of the three Answers filed, denying all claims Plaintiffs might attempt to assert against the District through Hansen under any theory of fact or law. The District further argues that it has participated in every in-chambers and telephone conference hearing and/or other proceeding in this matter to date. In addition, the order of default judgment in <u>Banks</u> explicitly stated it was against Williams "in his personal and official capacities, jointly and severally" (<u>see</u> Doc. No. 80-1), whereas here, the default judgment states only that it is against Hansen, without mentioning official capacity or the District. The District argues the default judgment is against Hansen in his individual capacity only, and thus not enforceable against the District or District Defendants. Alternatively, the District argues that Plaintiffs' motion for default judgment should be denied because he has not sufficiently pled a cause of action against the District or District Defendants in Count I of the operative complaint.

**Discussion**

When the default judgment was entered, Plaintiffs had asserted claims against Hansen in both his individual and official capacities. After the default judgment was entered, Plaintiffs dismissed the individual capacity claims against Hansen and dropped the District as a defendant, in an apparent attempt to preclude the District (and District Defendants) from defending the official capacity claims asserted against them.[3] The default judgment did not specifically state that it was against Hansen in his official capacity, and it was never the Court's intent to enter default judgment against Hansen in his official capacity, particularly in light of the District's answers to Plaintiffs' complaints denying all claims Plaintiffs might attempt to assert against the District through Hansen under any theory of fact or law. The District (and District Defendants) have fully responded to Plaintiffs' allegations against Hansen in his official capacity and thus are

---

[3] Although Plaintiffs are certainly entitled to name the parties they desire and manage their case as they sees fit, <u>see</u> <u>Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 832 (2002), the Court will not allow Plaintiffs to manipulate their pleadings to prevent the District from defending itself.

not in default with respect to the claims asserted against him in his official capacity. Moreover, Plaintiffs do not cite any precedent to support their suggestion that the District and District Defendants were required to actually enter on behalf of Hansen – who the Court notes is communicating and assisting Plaintiffs' counsel with Plaintiffs' claims[4] – as a prerequisite to defending against the official capacity claims asserted against him. The Court hereby clarifies its Order and Judgment of Default to reflect that it is against Hansen in his individual capacity only and not enforceable against the District and the District Defendants.

Defendants' remaining arguments in opposition to Plaintiffs' motion go to the merits of Plaintiffs' claims. In light of the Court's ruling, the Court need not and will not address those arguments at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Entry of Default Judgment for Statutory Damages for all Class Members under Count I of the Second Amended Complaint [69] is **DENIED.**

Dated this 25th day of August, 2017.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[4] In a motion to amend the case management order filed on September 15, 2016, Plaintiff informed the Court and opposing counsel that his counsel was in communication with Hansen, and that Hansen was cooperating with Plaintiff's counsel (see Doc. No. 38 at ¶ 6 and Plaintiff's Exhibit 3 thereto).